UNITED STATES DISTRICT COURT

DISTRICT OF MASACHUSETTS

|  |  |
|---|---|
| George Logue | CIVIL ACTION |
|  | CASE NO. 1:04-cv-10272-GAO |
| Plaintiff | COMPLAINT FOR DAMAGES |
|  | Civil Rights Violation - Medical |
| v. | Malpractice, Negligence |
|  |  |
| Commonwealth of Massachusetts, |  |
| Executive Office of Health and Human Services, |  |
| Taunton State Hospital et al. | UNLIMITED CIVIL CASE |
|  |  |
| Defendants |  |

Comes now the plaintiff with this complaint pursuant to U.S.C. Title 42 and MGL 231 § 60B.

FIRST CAUSE
(Civil Rights Violation - Negligence)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant Taunton State Hospital located at 60 Hodges Avenue, Taunton, Massachusetts, and, Health and Human Services of New Bedford, at all times herein mentioned claim to be a state hospital, and an outpatient clinic, respectively, organized and existing under the laws and direction of the Commonwealth of the State of Massachusetts, has it's principal places of business in Bristol County and at all times herein mentioned were engaged as facilities in and under the Commonwealth's Executive Office of Health and Human Services, providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is ignorant of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their believed capacity of employment. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by their conduct
4. Defendant's Doc One, and Doc Two, at Taunton State Hospital, and at all times herein mentioned were duly licensed and practicing physicians specializing in Psychiatry. Defendant Shrink One was a duly licensed and practicing Psychologist. Defendant's Soc One and Soc Two were practicing social workers. Each of the defendants at Taunton State Hospital was engaged in their profession in the city of Taunton, Massachusetts under the direction of Taunton State Hospital. Plaintiff is informed and believes and

1

thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged, and thereafter contributed to by Health and Human Services, were proximately caused by their conduct.

5. Defendant's Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of them, at all times herein mentioned were the agents and employees of their co-defendant Taunton State Hospital (TSH), and in doing these things hereinafter alleged were acting within the course and scope of the Hospital. Plaintiff is informed and believes and thereon alleges, each and every one of the wrongful acts of the defendants, complained of herein was done under the instructions and approval, express or implied, of their employer, Taunton State Hospital.

## Jurisdiction

6. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of each department involved. Copies of the notice are annexed as "A."

7. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum is available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

## Facts

8. On July 24, 1997, plaintiff, having been falsely arrested, was directed and forced by defendant TSH and it's employees, and each of them, to undergo a mental health evaluation and determine if, in fact, a problem existed with his state of mental health. During the period, and including approximately 24 days after being admitted, defendants TSH, Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of them, violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution by first, failing to consider the false accusations leveled against him, and then by denying him of his civil liberties by acting under color of state law, 42 U.S.C.S. 1983 (1988), imprisoning him against his will and subjecting him to an unwarranted and unneeded medical evaluation. In addition, the defendants, and each of them violated Massachusetts General Law 123 § 15 by holding plaintiff for more than 20 days to perform the unneeded evaluation. Further the defendants, and each of them, failed to exercise reasonable care, by reason of carelessness, unskillfulness, and negligence, including the negligent supervision of TSH, it's servants and agents, by, again exercising power possessed by virtue of being cloaked with the authority of state law, whereby they treated plaintiff unnecessarily, based on false accusations, a false arrest and then an inherently false diagnosis, whereupon he was administered defective mental treatment including the prescription of psychiatric medications, while a patient in the care and control of the hospital and it's defendant employees. Plaintiff, while continually refuting the

circumstances under which he had been brought to the hospital, repeatedly questioned the need for the treatment, the prescribed medications, and the accuracy of the diagnosis upon which it was all administered. During the period of "evaluation" at the hospital, plaintiff never received answers to these queries, or as to the nature of a real diagnosis.

9. As a result of the acts of defendants, and each of them, and their failure to exercise reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by TSH and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer. The unneeded treatment, as herein described caused plaintiff to suffer great damage to his reputation and embarrassment in his community, all to his damage. Further, their actions having been performed at TSH, with that facilities knowledge, assistance, and yet failed supervision over it's individual defendant employees, support this action against TSH, for their willful failure to investigate, review, and supervise plaintiff's care with respect to the false circumstances under which he was ordered there.

10. As a proximate result of the careless acts and negligence of the defendants, and each of them, and their agents, the plaintiff suffered therapy induced deterioration and as a result was caused great suffering and anguish, both of the body and mind. These injuries may result in some permanent disability to plaintiff, all to his general damage.

11. As a further proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
### (Negligent Entrustment)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 11, inclusive, of the First Count.
2. Defendant TSH, and Health and Human Services of New Bedford, under the direction of the Commonwealth's Executive Office of Health and Human Services, negligently hired and entrusted defendants Doc One, Doc Two, Shrink One, Soc One, and Soc Two, to provide psychiatric care and mental health treatment on their premises and to perform other related functions.

WHEREFORE, plaintiff prays judgment as follows:

1. For general and punitive damages according to proof;
2. For medical and incidental expenses according to proof;
3. For reasonable consulting attorney's fees,
4. For interest as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/08/04                                    *George Logue* （signature）

UNITED STATES DISTRICT COURT

DISTRICT OF MASACHUSETTS

| | |
|---|---|
| George Logue<br><br>        Plaintiff<br><br>v.<br><br>Commonwealth of Massachusetts,<br>Executive Office of Health and Human Services,<br>Taunton State Hospital et al.,<br><br>        Defendants | CIVIL ACTION<br><br>CASE NO.1:04-cv-10272-GAO<br>COMPLAINT FOR DAMAGES<br>Civil Rights Violation -<br>Strict Liability, Standard of Care<br><br><br><br>UNLIMITED CIVIL CASE |

SECOND CAUSE
(Strict Liability)

Plaintiff alleges:

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 11, inclusive, of the First Count of the First Cause.
2. Defendant's Taunton State Hospital, Health and Human Services of New Bedford, Doc One, Doc Two, Shrink One, Soc One, and Soc Two, oversaw, administered or provided psychotherapy on a regular basis to patients at their respective facilities of Taunton State Hospital and Health and Human Services of New Bedford.
3. Defendant's, Taunton State Hospital, Health and Human Services of New Bedford, Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of them, oversaw, administered, or provided psychotherapy to plaintiff as an incidental part of the psychiatric care and mental health treatment imposed upon him as part of the unneeded psychological evaluation and after care mandated by the court. In doing so, defendants, and each of them, failed to warn plaintiff of harmful and irreversible effects caused by efforts to mitigate harm induced by negligence of rendering unneeded treatment. Further, defendants exhibited poor professional judgment by failing to inform and warn plaintiff of the risk that a significant percentage of patients receiving psychotherapy suffer a known regression of health including a deterioration effect.
4. As a result of the actions, the defendants, and each of them, violated the Restatement (2nd) of Torts § 402A, regarding the strict liability of the hospital and it's agents for providing treatment, a product service in defective condition, where none was needed, and § 456 and § 457(b) pertaining to the emotional disturbance imparted by the negligence of the defendants. As a further proximate result of these actions and additional infractions of the defendants, and each of them, including the hospital, the overseeing physicians, and social workers, plaintiff was treated with poor medical practice whereby

1

the defendants failed to exercise the proper standard of care by failing to investigate, and verify or disprove plaintiff's claims of the false pretenses and conditions under which he had been brought to the hospital.

WHEREFORE, plaintiff prays judgment as follows:

1. For general and punitive damages according to proof;
2. For medical and incidental expenses according to proof;
3. For reasonable consulting attorney's fees,
4. For interest as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/03/04                           *George Logue*

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASACHUSETTS

George Logue

  Plaintiff

v.

Commonwealth of Massachusetts,
Executive Office of Health and Human Services,
Taunton State Hospital et al.

  Defendants

CIVIL ACTION

CASE NO. 1:04-cv-10272-GAO
COMPLAINT FOR DAMAGES
Civil Rights Violation - Intentional
Infliction of Emotional Distress

UNLIMITED CIVIL CASE

## THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:                    Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant Taunton State Hospital located at 60 Hodges Avenue, Taunton, Massachusetts, and, Health and Human Services of New Bedford, at all times herein mentioned claim to be a state hospital, and an outpatient clinic, respectively, organized and existing under the laws and direction of the Commonwealth of the State of Massachusetts, has it's principal places of business in Bristol County and at all times herein mentioned were engaged as facilities in and under the Commonwealth's Executive Office of Health and Human Services, providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is ignorant of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their believed capacity of employment. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by their conduct
4. Defendant's Doc One, and Doc Two, at Taunton State Hospital, and at all times herein mentioned were duly licensed and practicing physicians specializing in Psychiatry. Defendant Shrink One was a duly licensed and practicing Psychologist. Defendant's Soc One and Soc Two were practicing social workers. Each of the defendants at Taunton State Hospital was engaged in their profession in the city of Taunton, Massachusetts under the direction of Taunton State Hospital. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged, and thereafter contributed to by Health and Human Services, were proximately caused by their conduct.

1

5. Defendant's Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of them, at all times herein mentioned were the agents and employees of their co-defendant Taunton State Hospital (TSH), and in doing these things hereinafter alleged were acting within the course and scope of the Hospital. Plaintiff is informed and believes and thereon alleges, each and every one of the wrongful acts of the defendants, complained of herein was done under the instructions and approval, express or implied, of their employer, Taunton State Hospital.

8. On July 24, 1997, plaintiff, having been falsely arrested, was directed and forced by defendant TSH and it's employees, and each of them, to undergo a mental health evaluation and determine if, in fact, a problem existed with his state of mental health. During the period, and including approximately 24 days after being admitted, defendants TSH, Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of them, violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution by first, failing to consider the false accusations leveled against him, and then by denying him of his civil liberties by acting under color of state law, 42 U.S.C.S. 1983 (1988), imprisoning him against his will and subjecting him to an unwarranted and unneeded medical evaluation. In addition, the defendants, and each of them violated Massachusetts General Law 123 § 15 by holding plaintiff for more than 20 days to perform the unneeded evaluation. Further the defendants, and each of them, failed to exercise reasonable care, by reason of carelessness, unskillful ness, and negligence, including the negligent supervision of TSH, it's servants and agents, by, again exercising power possessed by virtue of being cloaked with the authority of state law, whereby they treated plaintiff unnecessarily, based on false accusations, a false arrest and then an inherently false diagnosis, whereupon he was administered defective mental treatment including the prescription of psychiatric medications, while a patient in the care and control of the hospital and it's defendant employees. Plaintiff, while continually refuting the circumstances under which he had been brought to the hospital, repeatedly questioned the need for the treatment, the prescribed medications, and the accuracy of the diagnosis upon which it was all administered. During the period of "evaluation" at the hospital, plaintiff never received answers to these queries, or as to the nature of a real diagnosis.

9. As a result of the acts of defendants, and each of them, and their failure to exercise reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by TSH and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer. The unneeded treatment, as herein described caused plaintiff to suffer great damage to his reputation and embarrassment in his community, all to his damage. Further, their actions having been performed at TSH, with that facilities knowledge, assistance, and yet failed supervision over it's individual defendant employees, support this action against TSH, for their willful failure to

investigate, review, and supervise plaintiff's care with respect to the false circumstances under which he was ordered there.

10. Defendant's Doc One, Doc Two, Shrink One, Soc One, and Soc Two, and each of their egregious acts were intentional, were unreasonable and unnecessary for the purpose of any reasonable treatment. Further, defendant's knowledge that plaintiff had continually pointed out the fact that he had been brought to the Hospital under false pretenses, that he was in need of no mental health care or evaluation, that the plaintiff was visibly upset as a result of repeated discussions in which he still had not received answers pertaining to his diagnosis and treatment, having been brought there under false pretenses, and observing that plaintiff was becoming visibly distraught as a result of defendant's actions of holding plaintiff against his will, ratified that the defendant's overall conduct was done with the knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

11. As a proximate result of the careless acts and negligence of the defendants, and each of them, and their agents, including the administration of the unneeded psychotherapy and treatment the plaintiff suffered therapy induced deterioration and as a result was caused great suffering and anguish, both of the body and mind., all of which injuries have caused plaintiff to suffer severe mental anguish. These injuries may result in some permanent disability to plaintiff, all to his general damage. As a further proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $ 10,000,000;
3. For medical and incidental expenses according to proof;
4. For interest as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/06/04                                    *George Logue*

4

## VERIFICATION

I, _George Lugue_, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

*George Lugue*

5