UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE LOGUE,<br><br>    Plaintiff<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>EXECUTIVE OFFICE OF HEALTH AND<br>HUMAN SERVICES, and TAUNTON<br>STATE HOSPITAL,<br><br>    Defendants. | Civil Action No.: 04-10272-GAO |

**<u>DEFENDANT TAUNTON STATE HOSPITAL'S MOTION TO DISMISS</u>**

Defendant Taunton State Hospital (the "Hospital") moves to dismiss plaintiff's complaint as against it.[1] As grounds for this motion, the Hospital states that the First, Second and Third Causes should be dismissed because the Hospital is entitled to immunity under the Eleventh Amendment to the United States Constitution. The First, Second and Third Causes should also be dismissed because they are barred by the applicable statute of limitations, the doctrine of judicial immunity and by Plaintiff's failure to make appropriate presentment as required by M.G.L. c. 258, § 4.

The Hospital further states that the First Cause should be dismissed, to the extent it states a claim under 42 U.S.C. § 1983, because the Hospital is not a "person" within the meaning of that section. To the extent that the First Cause states a cause of action that sounds in tort, the Cause should be dismissed for failure to make proper presentment as required by M.G.L. c. 258, § 4.

---

[1] The complaint appears to consist of three separate complaints, each with its own signature page. The Hospital will address these seemingly separate complaints as though they are separate counts of a single complaint.

1

In addition to the reasons set forth above, the Second Cause should also be dismissed because strict liability is inapplicable to the "product service" referred to in the Second Cause. The "product service[s]" referenced therein are services, not products. Accordingly, strict liability is inapplicable.

Finally, the Third Cause should be dismissed because it states a claim for which the Hospital is immune. As a state entity, the Hospital is immune from liability for intentional torts, under M.G.L. c. 258, §§ 2 and 10(c).

For these reasons, the Hospital requests that the Court dismiss the First, Second and Third Counts.[2] A memorandum of law is submitted in support of this motion.

> Respectfully submitted,
>
> TAUNTON STATE HOSPITAL,
>
> By its attorneys,
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
> /s/ Sarah M. Joss
> Sarah M. Joss, BBO #651856
> Assistant Attorney General
> Trial Division
> One Ashburton Place, Room 1813
> Boston, MA 02108
> (617) 727-2200 x 3308

Dated: May 27, 2005

---

[2] The Hospital notes that the caption for each of the Causes also lists the Commonwealth of Massachusetts ("Commonwealth") and the Executive Office of Health and Human Services ("EOHHS") as defendants. The docket for this case indicates that the only summons issued was for the Hospital, not for either of the other two defendants. Accordingly, the Hospital operates under the assumption that neither the Commonwealth nor EOHHS is an appropriate defendant in this action. The Hospital states, however, that even if the Commonwealth and EOHHS were defendants, the arguments set forth in this motion would be equally applicable to them.

2

**CERTIFICATE OF SERVICE**

      I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, May 27, 2005, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to: George Logue, General Delivery, Boston, MA 02205.

                                  /s/ Sarah M. Joss
                                  Sarah M. Joss