UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE LOGUE, | ) | |
|  | ) | |
|    Plaintiff | ) | |
| v. | ) | Civil Action No.: 04-10272-GAO |
|  | ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| EXECUTIVE OFFICE OF HEALTH AND | ) | |
| HUMAN SERVICES, and TAUNTON | ) | |
| STATE HOSPITAL, | ) | |
|  | ) | |
|    Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TAUNTON STATE HOSPITAL'S MOTION TO DISMISS**

Defendant Taunton State Hospital (the "Hospital") submits this memorandum of law in support of its motion to dismiss Plaintiff's complaint.[1] As grounds for it motion for dismissal, the Hospital states that the First, Second and Third Causes are barred by the Eleventh Amendment to the United States Constitution, by the applicable statute of limitations, by the doctrine of judicial immunity and by Plaintiff's failure to make presentment as required by M.G.L. c. 258, § 4.

In addition to the reasons that apply to each of the Causes, the First Cause appears to contain two counts: one for "Civil Rights Violation – Negligence" and one for "Negligent Entrustment." First Cause at pp. 1 and 4. To the extent the First Cause states a claim under 42 U.S.C. § 1983, it must be dismissed because the Hospital is not a "person" who may be held liable within the meaning of that section. To the extent that

---

[1] The complaint appears to consist of three separate complaints, labeled First Cause, Second Cause and Third Cause, each with its own signature page. The Hospital will address these seemingly separate complaints as though they are separate counts of a single complaint.

1

the First Cause states a claim in tort, it must be dismissed because Plaintiff failed to make proper presentment as required by M.G.L. c. 258, § 4.

The Second Cause should also be dismissed because it sounds in strict liability, a theory of liability inapplicable to Plaintiff's claims. While Plaintiff labels the Second Cause one for strict liability, an examination of the allegations set forth therein illuminates Plaintiff's actual claim. Taken at its essentials, the Second Cause states a claim, if any, for "failure to warn" and for "negligence of rendering unneeded treatment." Second Cause at ¶ 3. These claims cannot stand against the Hospital both because they are barred by the applicable statute of limitations and because Plaintiff failed to make presentment as required by M.G.L. c. 258, § 4. Additionally, Plaintiff's claim cannot lie in strict liability because the actions to which Plaintiff refers are indisputably services, not products. As such, strict liability is inapplicable. Accordingly, the Second Cause should be dismissed.

The Third Cause should also be dismissed. It states a claim for an intentional tort. Under M.G.L. c. 258, §§ 2 and 10(c), the Hospital, as a public employer, is immune from claims for intentional torts.

Additionally, to the extent that the Causes arise from the evaluation and treatment of Plaintiff at the Hospital, Plaintiff's claims are barred by judicial immunity. Plaintiff alleges that his evaluation and treatment were court ordered. Second Cause at ¶ 3. Judicial immunity applies not only to judges but also those acting pursuant to a judge's orders. Taking as true Plaintiff's allegation that his evaluation and treatment were court ordered, the Hospital is entitled to an extension of judicial immunity.

Accordingly, the Court should dismiss the complaint as against the Hospital.

2

## BACKGROUND

Plaintiff alleges that he was arrested on or about July 24, 1997.  First Cause at ¶ 8. After his arrest, Plaintiff was evaluated at the Hospital.  <u>Id.</u>  In each of the Causes, Plaintiff appears to contend that the evaluation and any subsequent treatment he received were either wrongful or ineptly performed or supplied.  <u>Id.</u>; Second Cause at ¶ 4; Third Cause at ¶ 8.  Plaintiff also alleges that "the psychiatric care and mental health treatment imposed upon him [were] part of the unneeded psychological evaluation and after care mandated by the court."  Second Cause at ¶ 3.

More specifically, Plaintiff alleges that he was "treated … unnecessarily, based on false accusations, a false arrest and then an inherently false diagnosis, whereupon he was administered defective mental treatment including the prescription of psychiatric medications, while a patient in the care and control of the hospital…."  First Cause at ¶ 8; Third Cause at ¶ 8.  Plaintiff appears to allege that the Hospital's wrongful acts included failure to credit his story that he was falsely arrested, failure to respond to Plaintiff's questions concerning his evaluation or diagnosis and rendering "unnecessary treatment." First Cause at ¶ 8; Second Cause at ¶ 4; and Third Cause at ¶ 8.

## ARGUMENT

I.  <u>Standard of Review</u>

In assessing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).  Here it is clear that Plaintiff has failed to articulate any cause of action that would entitle him to relief.

Additionally, Plaintiff's claims are barred by the applicable statute of limitations, his failure to make presentment, by the doctrine of judicial immunity and because he states a claim, an intentional tort, for which no liability may lie.

Furthermore, Rule 12(b)(2) of the Federal Rules of Civil Procedure requires dismissal of any claims against a defendant over whom this Court has no personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The Eleventh Amendment to the United States Constitution prohibits plaintiffs from pursuing claims against any of the States in the Federal Courts of the United States, unless the State has consented to be sued. Alabama v. Pugh, 438 U.S. 781, 782 (1987) (*per curiam*). Indeed, under the Eleventh Amendment to the United States Constitution, States are not considered "'persons' subject to a federal suit for money damages under the civil rights act." Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989). See also Jones v. City of Boston, 2004 WL 1534206, *2 (D.Mass. 2004). Accordingly, to the extent that the complaint states a claim for violation of 42 U.S.C. § 1983, it must be dismissed.

II. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment to the United States Constitution provides that States are not subject to suit in the Federal Courts of the United States. Instead, the States are entitled to sovereign immunity. The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity. See, e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996), quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'"). See also

Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,… a State cannot be sued directly in its own name regardless of the relief sought").

Here Plaintiff has brought suit against the Hospital, which is a state entity. See, e.g., M.G.L. c. 19, §§ 7 (stating that "state facilities under the control of the department [of mental health] shall be such state hospitals…") and 8A (listing the Hospital as a "state hospital"). Plaintiff has not alleged, nor could he successfully allege, that the Hospital has waived its immunity for the type of claims Plaintiff brings here. Plaintiff's complaint must, therefore, be dismissed under the Eleventh Amendment to the United States Constitution. See also, opinion of this Court in Logue v. Third Dist. Court of New Bedford, 04-cv-10271-GAO, at p. 3 (holding that the defendant court is "considered an arm of the State [and therefore] immune from federal suit under the Eleventh Amendment to the United States Constitution").[2]

Additionally, assuming for the purposes of this section, that the complaint states a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's civil rights, such claim may not be pursued against the Hospital. Section 1983 claims lie only against "persons." 42 U.S.C. § 1983. For the purposes of § 1983, the Supreme Court has held that States, including state entities like the Hospital, are not persons. Will, 491 U.S. at 71. Accordingly, Plaintiff's claims must be dismissed against the Hospital

    III.    Plaintiff's claims are barred by the applicable statute of limitations.

As noted above, Plaintiff's claims appear to be either civil rights claims or tort claims. To the extent that Plaintiff's claims sound under 42 U.S.C. § 1983, those claims are subject to dismissal as set forth above. To the extent that Plaintiff's claims sound in

---

[2] A copy of this opinion is attached hereto as Exhibit 1.

tort[3], Plaintiff's claims are barred by the three-year statute of limitations applicable to tort claims. M.G.L. c. 260, § 4 (providing, in relevant part, that "actions of contract or tort for malpractice, error or mistake against physicians, … hospitals and sanitoria shall be commenced only within three years after the cause of action accrues …").

In order to proceed, Plaintiff must have filed his complaint within three years of the time his cause of action accrued. Id. Plaintiff alleges that he was "falsely arrested" on July 24, 1997. First Cause at ¶ 8. Plaintiff's evaluation at the Hospital was, according to the complaint, subsequent to his arrest. Plaintiff does not put a specific end date on his time at the Hospital, but alleges that he was at the Hospital for "approximately 24 days after being admitted." Id. Accordingly, Plaintiff's time at the Hospital lasted from on or about July 24, 1997 through on or about August 17, 1997.

Given Plaintiff's specific allegations, it is clear that his cause of action, if any, accrued during the time that he was at the Hospital. Plaintiff alleges that Hospital staff refused to credit his version of his arrest. Plaintiff further alleges that the Hospital "treated him unnecessarily." First Cause at ¶ 8. Plaintiff was aware of these specific factual allegations, along with the others that underlie Plaintiff's assertion of his tort claim, at the time of his stay at the Hospital. This means that Plaintiff's cause of action must have accrued between July 24, 2000 and August 17, 2000. Plaintiff did not file his complaint until March 8, 2004.

The facts as alleged by Plaintiff do not present a circumstance where Plaintiff was not aware of the tort, if any, until later. Specifically, the statute of limitations is tolled until such time as the "plaintiff discovers, or reasonably should have discovered, that [he]

---

[3] This reading of Plaintiff's claims appears more likely from the language of Plaintiff's complaint. Repeatedly in his complaint, Plaintiff refers to "negligence" or a "fail[ure] to exercise reasonable care." First Cause at ¶¶ 8-10, 2 (of Second Count); Second Cause at ¶ 3; Third Cause at ¶¶ 8, 9 and 11.

6

has been harmed or may have been harmed by the defendant's conduct." Phinney v. Morgan, 39 Mass.App.Ct. 202, 204 (1995). This so-called discovery rule, is applied in any of three circumstances: "where a misrepresentation concerns a fact that was 'inherently unknowable' to the injured party, where a wrongdoer breached some duty of disclosure, or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with intent to deceive." Patsos v. First Albany Corp., 433 Mass. 323, 328 (2001), citing Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 631-32 (1997).

None of the circumstances that warrant application of the so-called discovery rule are present here. The Hospital made no misrepresentations concerning "inherently unknowable" facts. Nor did the Hospital take any affirmative steps to conceal a cause of action from Plaintiff. Finally, the Hospital did not breach any duty of disclosure. Admittedly, Plaintiff alleges that the Hospital "failed to warn plaintiff of harmful and irreversible effects caused by efforts to mitigate harm induced by negligence of rendering unneeded treatment." Second Cause at ¶ 3. The complaint, however, contains no allegation that the Hospital had any duties of disclosure or warning. Indeed, Plaintiff's allegation appears aimed at the outcome of his treatment, not at any duty to warn or disclose. Accordingly, Plaintiff's allegations do not justify application of the discovery rule.

Rather, Plaintiff's allegations support the conclusion that his claim is time-barred. Plaintiff may not escape application of the statute of limitations by contending that he did not know the extent of his injuries until sometime he left the Hospital. Given that Plaintiff's allegations make it clear that he viewed his evaluation and treatment as

improper *at the time he was treated and evaluate*, his cause of action clearly arose during the time he spent at the Hospital.  Accordingly, Plaintiff did not file his complaint until nearly seven years after his cause of action, if any, accrued and nearly four years after the time expired for him to file his complaint.  The appropriate remedy where a complaint is barred by the statute of limitations is dismissal.  Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002).  Accordingly, given that Plaintiff's allegations are barred by the statute of limitations, the complaint should be dismissed.

    IV.    Plaintiff's claims should be dismissed because he failed to make proper presentment.

Under M.G.L. c. 258, § 4, a plaintiff who wishes to pursue tort claims against a public employer, must make written presentment of such claims.  Specifically, the potential plaintiff must send written notice of his or her claims to the "executive officer of such public employer" or to the Attorney General.  Id.  Plaintiff here has failed to do so.  Accordingly, his claims must be dismissed.

An examination of the language of the First Cause makes evident that Plaintiff is alleging negligence by the Hospital.  Although Plaintiff captions the Second Cause as one for "strict liability," he is likely stating a claim, if any claim at all, for negligence.  See Second Count at ¶ 4 (referencing the "negligence" of the Hospital).  Additionally, while Plaintiff captions his Third Cause as a claim for "intentional infliction of emotional distress," the allegations set forth in the complaint raise some question as to whether plaintiff is actually asserting negligence.  See, Third Cause at ¶ 8 ("fail[ure] to exercise reasonable care, by reason of carelessness, unskillfulness, and negligence, including negligent supervision").  Under M.G.L. c. 258, § 4, Plaintiff was required to make presentment of his claims within two years of the occurrence of the actions he alleges.

Plaintiff has failed to make adequate presentment. Plaintiff contends that he made the necessary presentment. See First Cause at ¶ 6.[4] This letter is insufficient to serve as presentment for several reasons. First, the letter was not sent to the executive officer of the agency or to the Attorney General as required by M.G.L c. 258, § 4. Indeed, Marianne H. Greeno sent a return letter to Plaintiff indicating to him that his letter was insufficient for this reason. A copy of Attorney Greeno's letter is attached to the Affidavit of Sarah M. Joss in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Joss Aff.") as Exhibit A.

The second reason Plaintiff's letter is not sufficient presentment is that the letter was not sent within two years of when Plaintiff's time at the Hospital ended. As set forth in M.G.L. c. 258, § 4, presentment must be made within two years "after the date upon which the cause of action arose." Plaintiff's letter was not sent within the requisite two years.

Third, Plaintiff's letter was insufficient in that it did not appropriately detail some of the claims he now asserts. Specifically, the First Cause contains a claim for negligent hiring and supervision. No such claims are evident in Plaintiff's letter. G & B Associates, Inc. v. City of Springfield, 39 Mass.App.Ct. 51, 54-55 (1995) (holding that failure to make presentment of a particular claim makes such claim subject to a motion to dismiss under Mass.R.Civ.P. 12(b)(6)); Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 532 (1993) (holding that where presentment letter did not set forth claims that would have prompted investigation and possible settlement, letter was insufficient); Pickett v. Commonwealth, 33 Mass.App.Ct. 645, 647 (1992) (noting that

---

[4] The copy of the complaint served on the Hospital does not appear to have the attached "A" referenced in ¶ 6 of the First Cause. Accordingly, attached hereto as Exhibit 2 is a copy of a letter from Plaintiff to Ms. Jackie Moore, Area Director dated January 27, 2004.

9

the ability to make a proper investigation and possibly settle a case are the goals of presentment). Having failed to meet the minimum presentment requirements, Plaintiff's "presentment" letter is insufficient and the complaint should be dismissed.

  V.  <u>Plaintiff's claims are barred by the doctrine of judicial immunity.</u>

In addition to the foregoing reasons, Plaintiff's claims must be dismissed because the Hospital is entitled to an extension of judicial immunity. As noted above, judicial immunity is appropriate not only for judges, but also for those acting on a judge's instructions.

Plaintiff's complaint arises out of his evaluation and treatment at the Hospital, after his July 24, 1997 arrest. Plaintiff alleges that the Hospital "oversaw, administered, or provided psychotherapy to plaintiff as an incidental part of the psychiatric care and mental health treatment imposed upon him as part of the unneeded psychological evaluation and after care mandated by the court." Second Cause at ¶ 3. It thus appears, from Plaintiff's allegations that the Hospital's evaluation and treatment of Plaintiff were in accordance with a court order.

Judicial immunity extends to those who carry out the orders of judges. <u>See</u>, <u>e.g.</u>, <u>Slotnick v. Garfinkel</u>, 632 F.2d 163, 166 (1st Cir. 1980) (*per curiam*); <u>Fowler v. Alexander</u>, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune); <u>Williams v. Wood</u>, 612 F.2d 982, 985 (5th Cir. 1980) (absolute immunity for clerks acting in a non-routine manner under instructions from the judge). Here, therefore, judicial immunity extends to the Hospital on the facts as alleged by Plaintiff. Accordingly, the Complaint should be dismissed.

> VI. **The Second Cause should be dismissed because Plaintiff's allegations concern provision of a service, not a product and the Cause, therefore, does not sound in strict liability.**

The Second Cause contends that it states a claim based on a strict liability theory. As noted above, however, an examination of the allegations contained in the Second Cause establishes that Plaintiff is actually stating a claim that sounds, if at all, in negligence. As set forth above, such claim is subject to dismissal because it is barred by the applicable statute of limitations and by Plaintiff's failure to make appropriate presentment.

Even absent these reasons, the Second Cause should be dismissed because Plaintiff's assertion of strict liability is inapplicable. Plaintiff's allegations reference the provision of a service, not a product. Strict liability is only applicable to defective products, not to services.

In the Second Cause, Plaintiff attempts to hold the Hospital liable on a theory of strict liability for "providing treatment, a product service in defective condition." Second Cause at ¶ 4. The most likely interpretation of this allegation is that the Plaintiff is attempting to allege a product defect. This interpretation is bolstered by an examination of the sections from the Restatement (2d) of Torts cited by Plaintiff. Section 402A sets forth the standard of liability for sellers of defective products. Sections 456 and 457 concern the scope of damages for which a negligent actor may be liable.

Provision of medical evaluation and treatment is not provision of a product. Instead, it is provision of a service. As is evident from Plaintiff's "presentment" letter, the crux of his complaint is for negligence, in the form of malpractice. No claim may lie against the Hospital for strict liability. Accordingly, the Second Cause should be dismissed.

  VII. <u>Plaintiff's claim for intentional infliction of emotional distress, as set forth in the Third Cause, should be dismissed.</u>

As set forth above, the Hospital is state entity. As such, it is a public employer within the meaning of that term in M.G.L. c. 258, § 2. As a public employer, the Hospital may not be held liable for intentional torts, only negligence.

As further set forth above, it is not clear from the contents of the Third Cause whether Plaintiff is actually alleging an intentional or negligence tort. If he is alleging a negligence tort, that claim must be dismissed for the reasons set forth above. If he is alleging an intentional tort, that claim must also be dismissed.

In addition to the presentment requirements discussed above, M.G.L. c. 258 includes a number of immunities available to public employers. One of these immunities, set forth in § 10(c) applies to "any claim arising out of an intentional tort." <u>Id.</u> In casting his Third Cause as one for intentional infliction of emotional distress, Plaintiff brought his claim squarely within the immunity provided in § 10(c). As such, the Third Cause must be dismissed. <u>See</u>, <u>e.g.</u>, <u>Howcroft v. City of Peabody</u>, 51 Mass.App.Ct. 573, 596 (2001) (holding that plaintiff's intentional tort claims were properly dismissed under § 10(c) against public employer).

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the Hospital requests that the Court dismiss the complaint as against it.

                Respectfully submitted,

                TAUNTON STATE HOSPITAL,

                By its attorneys,
                THOMAS F. REILLY
                ATTORNEY GENERAL

                /s/ Sarah M. Joss
                Sarah M. Joss, BBO #651856
                Assistant Attorney General
                Trial Division
                One Ashburton Place, Room 1813
                Boston, MA  02108
                (617) 727-2200 x 3308

Dated:  May 27, 2005

**CERTIFICATE OF SERVICE**

    I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, May 27, 2005, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to: George Logue, General Delivery, Boston, MA 02205.

                                            /s/ Sarah M. Joss
                                            Sarah M. Joss