UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,                         )
                                      )
        Plaintiff,                    )
    v.                                )   C.A. No. 04-10271-GAO
                                      )
THIRD DISTRICT COURT                  )
OF NEW BEDFORD,                       )
                                      )
        Defendant.                    )

MEMORANDUM

For the reasons stated below, plaintiff is advised that this action is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

BACKGROUND

On February 9, 2004, Plaintiff George Logue filed his self-prepared complaint against the Third District Court of New Bedford. Less than one month later, on March 8, 2004, plaintiff filed a motion to amend his complaint.' Plaintiff's complaint and amended complaint seek monetary damages for the alleged violation of plaintiff's civil rights during proceedings held before the District Court of New Bedford. Although not named in the case caption, plaintiff also seeks

---

'Here, plaintiff may amend as a matter of course because a responsive pleading has not yet been served. See Fed. R. Civ. P. 15(a).

to bring this action against the presiding justice concerning rulings made during the course of judicial proceedings.

## REVIEW

Because plaintiff filed this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in <u>forma pauperis</u> statute.  See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, at any time, if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams,</u> 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2). In <u>forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez,</u> 504 U.S. 25, 32-33 (1992).

## DISCUSSION

As an initial matter, the Court recognizes that the Third District Court of New Bedford is not amenable to suit under 42

2

U.S.C. § 1983. The Massachusetts Trial Court was created pursuant to Massachusetts General Laws Chapter 211B (Trial Court of the Commonwealth). It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Because the courts are considered an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States Constitution. See Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Forte v. Sullivan, 935 F.2d 1 n. 2 (1st Cir. 1991).

Although not named in the case caption, plaintiff also seeks to bring this action against the presiding justice concerning rulings made during the course of judicial proceedings. However, judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties. See Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (the Supreme Court held that a state judge presiding over a court of general jurisdiction was absolutely immune from liability for issuing an order permitting a mother to sterilize her somewhat retarded fifteen year old daughter, despite the fact that the

judge had arguably violated state statutes relating to the sterilization of minors and incompetent persons in so doing).

Although a judge does not enjoy immunity for actions taken in the complete absence of jurisdiction, see Mireles v. Waco, 502 U.S. 9, 11 - 12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991); see also Overton v. Torruella, 183 F. Supp. 2d 295, 299 - 300 (D. Mass. 2001), none of the actions of the presiding justice alleged by plaintiff here fall within one of the narrow exceptions to the general rule of absolute judicial immunity.

Finally, to the extent plaintiff brings his claim pursuant to Section 1985(3), his claim is subject to dismissal.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).
Section 1985 of title 42 concerns conspiracies to violate civil rights.  Because plaintiff has failed to allege facts that indicate that the defendant was motivated by any class-based, invidiously discriminatory animus, plaintiff's claim under Section 1985(3) is subject to dismissal.  Siaca v.

Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); see Romero-Barcelo v. Hernandez Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of the accompanying order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of September, 2004.

S/George A. O'Toole, Jr.
GEORGE A. O'TOOLE, Jr.
UNITED STATES DISTRICT JUDGE

165 `lulLll·~
Brockton, M

Dear Madam

Pursuant to M           General Laws Cha                                        ce
of a claim o           self. This claim i                                       in
which my C             re violated com                                          he
consequence            ations, and injuri                                   ht,
have lingered          ifested themselve                                    ng
been unfamil           eatment and obje                                     tly
become appar           se to the nature a

Further, that i           willingness to pro                                ow
in violation o         etts General Law                                     be
taken.  Thes           have occurred du                                     s of
employees of           te Hospital, in Ta                                   ere
covenants of r         gal doctrines were

If in the cours            estigation, you det                              lic
employees ma           ed or contributed i                                  it if
you would so a         d provide the identi

Cc: Marianne H.