UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10272-GAO

GEORGE LOGUE,
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE of
HEALTH and HUMAN SERVICES, and TAUNTON STATE HOSPITAL, et al.,
Defendants.

**ORDER**
January 23, 2006

O'TOOLE, D.J.

The defendant Taunton State Hospital's motion to dismiss the plaintiff's complaint (dkt. no. 12) is GRANTED.

In his amended complaint, the plaintiff George Logue claims that beginning on or about July 24, 1997, and continuing for a period of approximately twenty-four days thereafter, Taunton State Hospital and five of the hospital's employees imprisoned him against his will and subjected him to unnecessary medical evaluations and treatments in violation of 42 U.S.C. § 1983. He also asserts state law claims arising out of the same events.

Logue filed his initial complaint in this action on February 9, 2004. After he was given leave to amend the complaint, he was directed to complete service of process on all named defendants by April 29, 2005. Logue timely filed proof of service as to the Taunton State Hospital but not as to any other defendants.

The Taunton State Hospital contends in support of its motion, among other things, that all three "causes" set out in the amended complaint are barred by the applicable statute of limitations.

I agree. Since the action was commenced early in 2004 and he asserts claims from events that occurred in 1997, the applicable three-year limitations[1] period plainly bars the action unless the running of the limitations period should be tolled.

In his amended complaint, Logue contends that the limitations period should be tolled because of "his lack of understanding of the existence and nature of the injuries imparted prevented him from filing complaints at an earlier date." Am. Compl., First Cause, ¶ 7. However, it is apparent from his own pleading that he knew, or had reason to know, of the injuries that serve as the basis for this lawsuit at the time the events occurred in 1997. For instance, he asserts that while he was under the defendants' care and control, he "continually refut[ed] the circumstances under which he had been brought to the hospital, repeatedly questioned the need for the treatment, the prescribed medications, and the accuracy of the diagnosis upon which it was all administered. During the period of 'evaluation' at the hospital, [he] never received answers to these queries, or as to the nature of a real diagnosis." Id., ¶ 8. He also states that he had "continually pointed out the fact that he had been brought to the hospital under false pretenses, that he was in need of no mental health care or evaluation, that the plaintiff was visibly upset as a result of repeated discussions in which he still had not received answers pertaining to his diagnosis and treatment." Id., Third Cause, ¶ 10. These assertions are inconsistent with a claim now that Logue was unaware of the alleged injuries that make up the gravamen of his complaint at the time they were allegedly occurring in 1997.

---

[1] Mass. Gen. Laws ch. 260, § 2A (tort actions must be commenced within three years after cause of action accrues), Mass. Gen. Laws ch. 260, § 4 (malpractice actions must be commenced within three years after cause of action accrues); Nieves v. McSweeney, 241 F.3d 46, 51-53 (1st Cir. 2001) (personal injury statute of limitations of forum state applies to § 1983 actions).

Logue's claims against Taunton State Hospital must be dismissed for an additional reason. Taunton State Hospital, as its name connotes, is a state entity, see Mass. Gen. Laws ch. 19, §§ 7, 8A. It is well established that under the Eleventh Amendment to the United States Constitution, a non-consenting State, or "arm" of such State, may not be sued for damages in federal court. See, e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). To the extent that Logue's complaint purports to state a claim under 42 U.S.C. § 1983, such a claim can only lie against "persons" and States and their agencies are not "persons" within the scope of the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

Because Logue failed to effect service of process on the other named defendants, the action is dismissed without prejudice as against these defendants. Fed. R. Civ. P. 4(m).

Therefore:

1. The motion to dismiss (dkt. no. 12) is GRANTED and the action is DISMISSED with prejudice as against the defendant Taunton State Hospital.

2. The action is DISMISSED without prejudice as to the other defendants purported to be identified in the amended complaint.

It is SO ORDERED.

January 23, 2006                                           \s\ George A. O'Toole, Jr.
DATE                                                       DISTRICT JUDGE